**Lorraine HOLLIS formerly known as Lorraine Capritta, Plaintiff-Petitioner,**

v.

**Anthony CAPRITTA, Defendant-Respondent.**

**No. 42474.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 3, 1981.

Gregory D. O'Shea, St. Louis, for plaintiff-petitioner.

Nicholas J. Riggio, Sr., St. Louis, for defendant-respondent.

Margaret M. Nolan, Guardian Ad Litem and Gail N. Gaus, Nolan & Gaus, Clayton.

SNYDER, Judge.

This is an appeal from a judgment in a proceeding on a motion to modify a dissolution decree. In the original action custody of Anthony Albert Capritta, born October 15, 1970, and Tina Marie Capritta, born May 23, 1973, was granted to appellant Lorraine Capritta. Respondent's motion to modify was granted and the trial court changed the primary custody from appellant to respondent. The appeal is from the judgment granting the motion to modify.

Appellant raises one point which may be summarized as a claim that there was no substantial evidence to support the judgment awarding the primary custody to the father. Appellant's point is ruled against her and the judgment is affirmed.

The marriage of the couple was dissolved in a decree dated February 8, 1979 in which the primary custody of the children was granted to appellant. The decree prohibited the removal of the children from the State of Missouri without a prior court order. Appellant was aware of this prohibition but nonetheless left Missouri with the children and established a residence in Arkansas where she remarried soon after the dissolution.

There was evidence of close family relationships in St. Louis beneficial to the children. There were no family members in Arkansas other than appellant. There was also a school situation in St. Louis favorable to the children. Both of the parties' children have friends at their school and the son plays on the school soccer team. Both children testified in chambers that they wanted to stay with their father.

There was conflicting testimony concerning the care of the children by appellant and the treatment of the children by their new stepfather. The trial court in its judg-

ment found that the petitioner neglected the physical care, feeding, hygiene and medical treatment of the children during their stay in Arkansas and that, considering all the evidence, it would be in the best interests of the children to grant custody to respondent.

Nothing would be gained by relating in detail the testimony of the parties. The trial judge assessed the credibility of the witnesses and this court must defer to that assessment. An experienced and capable attorney who was appointed guardian ad litem recommended that custody of the children be awarded to respondent.

The judgment was supported by substantial evidence and was not against the weight of the evidence. There was no error of law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo.banc 1976). Rule 73.01. An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

CRIST, P. J., and REINHARD, J., concur.