Lynn **WIDEMAN (Hampton), Appellant,**

v.

**Robert Lee Roy WIDEMAN, Respondent.**

No. 43557.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 2, 1982.

Prudence L. Fink, Union, for appellant.

Gael D. Wood, Eckelkamp, Eckelkamp & Wood, Washington, for respondent.

SNYDER, Judge.

The mother appeals from the trial court's order modifying the child custody provision of the parties' dissolution decree. The trial court transferred primary custody of the parties' seven year old daughter to the father.

The mother's appeal urges that the trial court's judgment was erroneous because: (1) the father did not prove the change in the circumstances of the child or her custodian so as to justify a modification of custody; (2) the weight of the evidence showed the best interests of the child would be served by leaving the child with her mother; (3) the trial court's judgment erroneously declared the law; and (4) the trial court's judgment erroneously applied the law because insufficient evidence was presented to overcome the presumption that the party originally awarded custody was fit and that a child of tender years should be in the custody of her mother.

The mother's four points relied on are, in essence, one contention that the evidence did not support the trial court's modification of child custody given the appropriate legal standards. The points are disallowed and the judgment affirmed.

The evidence establishes that both the mother and father are loving parents who are about equal in their ability to provide for their daughter's physical needs. The evidence also establishes that the mother's life has become less stable in recent years due to the deterioration of her second marriage.

The mother moved to Florida with the parties' daughter without telling the father in order to avoid the mother's second husband. The father had frequently exercised his rights of visitation prior to the mother's move to Florida and filed his motion to modify custody within days after the mother moved to Florida.

Concerning the daughter's best interests, evidence was introduced that the father's home life and second marriage are stable, that the parties' daughter interacts well with and loves both her father and his second wife, that the father and his second wife are active in the Baptist Church and its youth program and that living with her father permits the daughter to have close contact with her maternal great grandmother and paternal grandparents.

■ On the other hand, evidence was introduced that the daughter loves her mother and misses her when away from her; and that living with her mother permits the daughter to have close contact with her half-sister by her mother's second marriage who the daughter loves very much.

Pursuant to § 452.410, RSMo 1978, respondent was required to show that a change in the circumstances of his daughter or her custodian had occurred and that modification of child custody would serve the child's best interests. The trial court which heard the above evidence, and other relevant and probative evidence of changed circumstances, determined that respondent had sustained his burden to prove modification of child custody was justified, and that determination is entitled to deference on appeal. *Hollis v. Capritta*, 612 S.W.2d 816, 817 (Mo.App.1981).

■ The evidence does not implant the firm belief that the trial court's judgment was not supported by substantial evidence or was against the weight of the evidence, nor does an error of law appear. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). There was sufficient evidence to support the trial court's finding of changed circumstances and that the best interests of the child were served by a change in custody. An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P. J., and CRIST, J., concur.